**Douglas R. WOOD, Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 02–2073.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 21, 2002.

Decided Dec. 3, 2002.

Before BARRY and AMBRO, Circuit

Judges and DOWD,* District Judge.

## OPINION

AMBRO, Circuit Judge.

Douglas Wood appeals from a final order of judgment of the United States District Court for the Western District of Pennsylvania. He challenges the District Court's order affirming the decision of the Social Security Commissioner ("Commissioner") to deny him Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Wood alleges that there is insufficient evidence to uphold the findings of the Administrative Law Judge ("ALJ") that (a) Wood's testimony was not credible, (b) he was capable of sedentary work, and (c) he was not disabled.

The District Court had jurisdiction to hear Wood's appeal pursuant to 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g); *see also Morales v. Apfel,* 225 F.3d 310, 316 (3d Cir.2000). Substantial evidence is defined as more than a mere scintilla. *Morales,* 225 F.3d at 317. Substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also Consolidation Coal Co. v. Kramer,* 305 F.3d 203, 207 (3d Cir.2002). Because we find that the Commissioner's decision was supported by substantial evidence, we affirm the District Court's order affirming the decision of the Commissioner.

An individual is entitled to receive DIB and SSI when he or she has a medically determinable impairment of such severity that it prevents him or her from engaging in any kind of substantial gainful work that exists in the national economy for a statutory minimum twelve-month period. *Allen v. Bowen,* 881 F.2d 37, 40 (3d Cir.1989). There is a five-step evaluation process used by the Commissioner to determine whether an individual satisfies this definition and is therefore entitled to receive disability benefits. 20 C.F.R. § 404.1520. The Commissioner considers: (1) whether the claimant is engaging in substantial gainful activity; if not, (2) whether the claimant is suffering from a severe impairment; if so, (3) whether the claimant's impairment meets or equals the requirements of a listed impairment; if not, (4) whether the claimant has the ability to return to his or her past work; and, if not, (5) whether the claimant can perform any other work available in the national economy. 20 C.F.R. § 404.1520(b)-(f).

The ALJ found that Wood's testimony about his disability was not entirely credible; that Wood was capable of performing sedentary work; and that because such work existed in the national economy, Wood was not disabled. Wood claims that the ALJ's finding that he was only partially credible is not supported by the evidence because everything to which he testified was supported by medical evidence. Further, Wood argues that the evidence shows that his chronic pain and considerable cognitive deficits make it impossible for him to concentrate and perform daily activities in the way required to maintain regular employment. For this reason, Wood maintains that the ALJ lacked substantial evidence to find that he was capa-

---

* Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

ble of performing sedentary work and to conclude, as a result, that he was not disabled and therefore not entitled to DIB and SSI. Finally, Wood argues that the ALJ's conclusion that he is not under a disability is not supported by substantial evidence. After a thorough review of the record, and giving due consideration to the briefs filed in this appeal, we believe that the ALJ carefully considered the evidence in this case and that his denial of Wood's claim was supported by substantial evidence.

First, the ALJ's conclusion that Wood's testimony was not entirely credible is supported by substantial evidence. When making determinations as to a claimant's credibility, an ALJ must "determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). In assessing Wood's credibility, the ALJ found inconsistencies between his testimony and the record evidence. For instance, the ALJ noted that Wood's treatment records do not show that he has ever complained of pain at the severity level to which he testified at the hearing. The ALJ was thus justified in concluding that there was "some exaggeration of the limitations established in his residual functional capacity."

Second, the ALJ's decision that Wood is capable of performing sedentary work is supported by medical evidence in the record. In reaching this conclusion, the ALJ rejected the conclusion of the state agency medical experts that Wood was capable of doing light work as inconsistent with the evidence, and instead gave greater weight to the opinions of Wood's treating physician and the consulting physician. In concluding that Wood was capable of performing sedentary work, the ALJ relied on medical evidence that Wood had, for exam-

ple, full active range of motion of both shoulders, elbows and wrists, normal motor strength in both upper and lower extremities, normal hip flexor motor strength, and full range of motion at both knees and ankles. Wood contends that the evidence of his treating physician demonstrates that his depression and cognitive defects are a restriction on his ability to engage in ongoing basic work activities. We conclude that the ALJ's decision about the extent to which these factors influence his ability to work is supported by evidence from Wood's treating physician and the consulting physician that Wood had only a mild adjustment disorder and mild depression. The ALJ's decision is also supported by Wood's own testimony about his daily activities, including that he regularly did laundry, mowed the lawn, and weeded his yard.

Finally, Mr. Wood argues that the ALJ's conclusion that he was not under a disability is not supported by substantial evidence. It seems from Wood's brief that by this he means that the ALJ's ultimate conclusion that Wood was not disabled, after having performed the requisite five-step analysis, was not supported by substantial evidence. We disagree. The ALJ properly undertook the requisite five-step analysis to determine whether Wood was disabled, and his ultimate conclusion is supported by substantial evidence, including his findings about Wood's credibility, his conclusion that Wood was capable of sedentary work, and the testimony of a vocational expert that Wood was capable of performing work that existed in the national economy.

\*　\*　\*　\*　\*　\*

Because the ALJ's decision is supported by substantial evidence in the record, we affirm the District Court's order affirming

the decision of the Social Security Commissioner.